Dr. Zachary Bird, Alex Stavro is here for the appellant Bird, Holly Gersho is here for the government, and Mr. Stavro, you may make your argument. If you may please the court, counsel, justices, good morning. We're judges, not justices. Dr. Zachary Bird did not structure to evade any reporting requirements necessary as set by the U.S. Treasury. Dr. Bird embarked on purchasing a piece of property, and what we're dealing with is one real estate transaction divided into two parts, and Dr. Bird did the following. He hired a licensed Florida realtor, Linda Davis. He hired attorney Mark Warda to set up a land trust. He filed IRS form 56 with the Internal Revenue Service to notify all parties involved that he, Dr. Bird, was the party behind the land trust. He entered into sales contracts, promissory notes, and other things that lawyers do to include a real estate closing. Can I ask you a question just to kind of get to what is, for me, the heart of the matter on the sufficiency issue? Since we do have to view the facts in the light most favorable to the conviction, draw reasonable inferences, what about, talk to me about February 9 and February 10. February 9, two different transactions, one minute apart, 8,200, 8,500. Clearly has all the money in his pocket, decides to do it in two different transactions. Next day, I think I've got seven transactions spaced out at 10-minute intervals in the morning, short intervals in the afternoon, 9,500, 6,000, 9,300, 8,900, 9,100, 9,500, 9,200. There's a certain come on factor, right? If all the inferences had to be drawn in your favor, maybe this is sort of even-steven, but I don't know. Well, so certainly the, we'll call them the pattern of transactions set up in inference that he structured, but that doesn't end the inquiry. The rest of the inquiry, of course, is did he do so with the intent to evade? But why doesn't the same evidence work for both? Did he structure with a certain purpose in mind? I mean, don't you think the inference is there with respect to both? No, not at all, because all of the other actions and the evidence that was presented before the jury would indicate that he did the exact opposite of trying to structure the transaction. He complied with any IRS forms that were requested and required. He hired attorneys. The problem that you have though, in this case, is that he took the stand and he testified and the jury disbelieved his theory of innocence. That's the problem that you have. And so... I think you raise an interesting point, but I think that's now where the CTR form 4789 ties into the overall equation. It's pretty clear that if the court reviews the jury instructions and notes the emphasis placed by the government witnesses on that CTR form 4789, a form that at the time of It was only brought up, that form was only brought up on cross-examination by his lawyer. It wasn't brought up by the government. And to the extent that the jury instructions referred to a 4789, he participated in proposing the jury instruction himself, didn't he? Judge, the government presented Agent Kirby and on direct examination asked nine specific questions about CTR form 4789. Did it mention, did the government say 4789? They did, sir. And in fact, they put up exhibit 574 in front of the jury on the respective ELMO and left that form in the presence of the jury and actually discussed that form. Now, interestingly enough. There was no objection to the mention of that form in the jury instructions by Mr. Burke. And maybe worse, weren't the jury instructions jointly proposed? Each party presented their jury instructions. They were jointly proposed. I would submit to the court that that jury instruction had been reviewed by the 11th Circuit in 2010 and maintained, reviewed again in 2016 and maintained. And you had two government agent witnesses that were arguably supposed to be specialists not testifying as experts, but specialists about the forms and their respective positions inside Vinson. Agent Kirby, in fact, was an attorney and was general counsel, and they both testified about the existence of the form and what the form was used for. And quite frankly, I think misled the jury in regards to the nature of the form. Was there any objection at all about the mention of the form? Not until the motion for new trial, when the issue was raised for the first time at the motion for new trial. So, that means you can propose an error instruction, have the court give it, and then on a motion for new trial, argue that there was an error. I mean, that doesn't seem like it would be . . . Well, it's an error that's extremely prejudicial to the defendant. You can ask the court to err, and then on a motion for new trial, argue for a new trial because the court erred. I think it's a fair inquiry, but I . . . and I'll admit to this court, I didn't discover that the form was expired. The young lady in the pink jacket actually found that the form had been expired, and Judge, we were again utilizing a pattern jury instruction that had been defective since August . . . last use of that form was in August of 2004. That form had been defective for 17, 18 years at the time of trial. But if we don't get that far, I don't think that we have to be concerned with the issue of making the objection. Dr. Berger did everything that he was supposed to do for purposes of notifying all parties involved, including the U.S. Treasury, of the cash monies that were provided to Thomas He complied with Form 8300. The 8300 form establishes the deposit slips, Dr. Bert's name, his date of birth, his social security number, his medical license, his driver's license, the denominations of the currency. And, you know, quite frankly, most importantly, when we discussed 4789, the only testimony that Dr. Bert had any knowledge that that form existed, that there may be a reporting requirement, would have been, according to the agents, when he was driving up and down Dale Mabry in Tampa, Florida, that he therefore knew of the existence of the form. I would submit to you that's an impossibility. The form had been expired for, at the time of his trips, 12 years, and then time of trial, 17 more. All right. We have your argument. We've reserved some time. We'll hear from the government. Ms. Gershow. Good morning, Your Honors. And may it please the court. My friend on the other side is a very accomplished trial attorney, who made a very, very, very clear argument. He made these exact same arguments to the jury about the sufficiency of the evidence. The jury rejected those arguments in finding his client guilty, and this court should not disturb the jury's verdict. There's ample evidence of Bert's intent to structure to evade the transaction reporting requirement. And to be clear, the transaction reporting requirement is the bank's duty to file a currency transaction report if more than $10,000 goes in or more than $10,000 goes out. The evasion is that Dr. Bert did not, by depositing sums that were below the $10,000 requirement, the bank then wasn't able to notify the government. Correct. The duty to report was never triggered because he structured in this manner of breaking down a larger cash transaction into smaller series of transactions. And the reporting requirement is for a sum of $10,000 and more, not just for multiple sums. Correct. And so... What about when Mr. Equity filed 8,300 forms himself? That can't undo what his intent was at the time that he structured the cash transactions. And to Judge Newsom's point, when you look at the pattern of transactions, the fact that he was driving up and down Dale Maverick and making a series of cash deposits all under $10,000 in a short series of time, I would submit that not only is that a reasonable inference for the jury to make, but it's really the only inference the jury can make. I mean, Dr. Berger is a busy man who's supposed to be seeing patients. Why is he spending his day driving up and down the street depositing? And there was no testimony or any evidence presented that it was other individuals making these deposits. That's correct. He admitted that he was the sole depositor. And then adding to that, you have his testimony that was disbelieved by the jury, which in and of itself is substantive evidence of his knowledge and intent to obey the transaction reporting requirements. And I also want to be clear about what the government witness' testimony was. The United States did, with no objection, introduce Form 4789, said, what is this? The government witness, Kirby, testified, it's a transaction reporting requirement. And then he used it to explain what the transaction reporting requirements are. Those transaction reporting requirements are the same as at the time that were structured. Bring that error to reference Form 4789, plain error. Plain error, but that we referenced it? No, Your Honor. The government should have known that Form 4789 had expired, right? Yes, we should have. We obviously didn't. But he's not challenging the admission of the evidence to, again, which he jointly, which he stipulated to the admission of what he's challenging is the sufficiency of the evidence and what he's challenging is the jury instruction. And there's sufficient evidence, and there's, first of all, the court shouldn't even review the challenge to the jury instruction because it was jointly proposed. And then he said, his counsel said at the charge conference that he had no objection. And under Mar-a-Diaga, that is invited error to which this court does not review. But even if the court were going to review it, it would still be under plain error. And he can't establish any of the prongs of plain error review because the jury instruction in its totality accurately instructed the jury as to the elements of the offense. And the evidence is overwhelming that Dr. Byrd had knowledge of the reporting requirement and intended to evade it by making these pattern of structured transactions. And so, he can't meet, he can't show error, he can't show error that is plain and he can't show prejudice to his substantial rights or to the fairness and integrity of the judicial proceedings. Is there any, is there any substantive difference between what 4789 used to do and what some other numbered form does now? Not with respect to the issues in this case. I think there were some additions to the requirements for international transactions to be reported. But the requirement, the currency transaction requirement, which is what the government witnesses always testified, they didn't say, we searched for a form 4789. The witness, Mr. Ford said, I looked for CTRs with respect to these transactions and did not find any. Mr. Kirby said, I didn't look for any CTRs. So that is the sum of the testimony. The only time the government ever mentioned the form 4789 was on rebuttal when after Byrd's counsel had questioned him about the form 4789, said, I just want to make clear the rule, the form 4789 applies to the bank's obligations and the rule, the form 8. Mr. Stavro said something, something different now. And so who first mentioned the 4789 form? Was it the government or was it Mr. Byrd's lawyer? The United States introduced the form 4789, showed it to the witness and said, what is this? And the witness said, it's a currency transaction form that the bank uses, but never actually said it's a form 4789. Now, obviously it's up there. The jury can see that it was it was it introduced into evidence? It was. So it's something that went back into the jury room with the jurors if they wanted to see it. Correct. And again, there was no objection, it was stipulated. I understand. But but but the issue is. You can see now that that form is improper because it is expired. It's not it's no longer a valid form. I wouldn't say it is improper. I would say it is the wrong form, but because all of the requirements remain the same, the fact that the fact that the name was different really has no material impact. So I would have said even if there had been an objection to this form and it had gone back, it wouldn't be error. But certainly it's not error here because, again, he's not challenging the admission of the form. He's challenging the sufficiency of the evidence and he's challenging a jury instruction to which he agreed. And so. Maybe I'm incorrect, but isn't that the form that the that was argued the bank had to fill out? The argument was that the bank that there's the elements of the offense are not the failure to file a form. The the offense is the failure to file a currency transaction report. In other words, the failure is to fail to report the the ten thousand dollars that's going in or out, in this case in. And so the the name of the form is really irrelevant to the analysis because that requirement has always remained the same. And that's what the jury was instructed that they had to find. And the currency transaction report to CTR is an obligation that the bank has to file once it's triggered by the ten thousand dollars sum. Correct. And in this case, the structuring 31 U.S.C. 5324 A3 is a crime where the the transaction is structured to avoid triggering the bank's obligation to file the form. And that's what happened here, because he structured the transaction in a series of smaller deposits. It never triggered the bank's obligation to file the form at all. So really, the form is sort of irrelevant to the to the crime because the crime is not the fact that the bank didn't file the form. It's the fact that Byrd structured his transactions in a way as to avoid triggering that obligation. And your your point earlier is that whether that is called Form 4789 or in my notes, Form 104, 112, something else. And now it has no name. The who's, what's, when's are all the same. Correct. So if there are no further questions from this court, I would ask that the court affirm. Thank you, Ms. Gershaw. Thank you. Mr. Stavro, you've reserved some time for rebuttal. The jury instruction that was heard by the jury indicated that paragraph two, domestic financial institutions and banks with specific exceptions in parents must file currency transaction reports and then open for in Form 4789, close for in with the government. The presentation and discussion of any forms with any witnesses at that trial was IRS 156 from Mark Borda, which discussed solely that Dr. Burt was the individual behind the land trust, provided his name and social security number for me. Three hundred. Dr. Burt timely complied with in regards to the request from our equity. I'm sorry. Thomas Equity provided all the respective information that was requested for the form and then Form 4789. Form 4789 with Agent Kirby sat in front of that jury while questions were being asked and when Fork was questioned, the government did not raise 4789 in direct, but under cross-examination, when Fork was asked what evidence did he have that Dr. Burt structured to evade the best answer that Agent Fork could provide was based on how he drove up and down Delmarva and made deposits. The follow up question was, what evidence do you have that he knew about the form? Well, the form wasn't other Fenton now forms or form 87 or anything along those lines. The three forms, again, that were discussed was IRS 156, Form 8300 and Form 4789. The question was asked, how do you know that Dr. Burt knew previously of Form 4789? And he said again, it was based on the pattern. So isn't the real question not. I mean, as to the sufficiency of the evidence, not like did you know about some form denominated as 4789, but did you know about the obligations that the bank has to report when under what circumstances and whether that's called 4789 or 112 or 104 or X, Y, Z, it doesn't really matter, does it? Well, to the extent that somebody structures to evade the key point there to evade, arguably you may be correct. I don't intend to minimize the difference in the forms. OK. And what I mean by that is, is that two agents testified that are from Fenton that 4789 was the form that was used. We all know today that's absurd. It's not the form that was used and that in essence, it completely misled the jury. But having said that, and to answer your question, the knowledge of the form is important. And you're saying, well, how is that when the court looks at prior precedent, not only in this circuit, but in other circuits, there's always that extra element, not only were the transactions, quote unquote, structured, but there's that extra element about what did somebody know? So I guess my question is, though, what did they know is what did they know about an obligation of the bank to report, not the bank's obligation to file some form called 4789? You're correct. So, again, the reason why that extra element or information matters is because that puts the party on notice that there is a form that the bank is going to file. And that's when the parties then step in and go, well, I'm now going to evade and this is how I'm going to do it. And so they therefore structure their transaction. Right. But why does it matter what the form is? Because when you read the jury instruction and it tells the jury what to structure means, because that's what's relevant here, which is to deposit, withdraw, otherwise participate in transferring a total more than 10,000 using a financial institution by institution, by intentionally setting up or arranging a series of separate transactions, each one involving less than 10,000 in order to evade the currency reporting requirement that would have applied if fewer transactions had been made. Well, I think that definition effectively answers element number one, that the defendant knowingly structured or helped to structure a currency. So what does it matter if the form is incorrect? Well, number one, the jury had reason to believe, based on the testimony of the agents, that the agents went looking for a form that Dr. Bird allegedly knew about because of the way he drove up and down Delmaverie and that they didn't find the form. The inference being, aha, he did help them evade filing the form based on the way that he made the deposits. Dr. Bird has to have knowledge of some reporting requirement for purposes of the bank having to make in order for him to avoid- Did someone from the bank testify that they did not, that their requirement was not triggered because of the amount of the deposits made by Dr. Bird? Well, I don't think it matters whether their requirement is triggered unless Dr. Bird did something to actively evade them from doing so, which is element two. The purpose of the structured transaction was to evade the transaction reporting requirements. So that implies that Dr. Bird has to have some knowledge of a reporting requirement. And then additionally, that his purpose was to evade- Isn't that the stacking inference? Isn't that the government's position with stacking inferences, which is on February 9th, you had two transactions that were, you know, 8,000 each within minutes of each other? Sure. And again, I think that that allows the inference. But I think, again, if you look at all of the existing structuring precedent, not only the 11th circuit and throughout the country, you still need that additional information that he was purposely evading that requirement. Which, and that inference, it seems to me, can be made by the jury from his own testimony at trial. That's the problem that I see for your case. That inference, you need that inference. You're right. And so the jury can make that inference from his testimony. If he, what did he say at the trial? I didn't know. Did he say, I didn't know about the filing of a form was necessary? He did, sir. He testified that he was not aware of the filing of any forms and that when he was requested, he did provide timely the information to Attorney Eckert. And so the jury disbelieved him when he said that? Well, we don't know. The jury was misled by two agents. Misbelieved them because they found them guilty. Well, I don't think it's that clear. I think again, if the agents misled the jury, which is in fact what they did, and we now know, by the way, as the 11th circuit changed the jury instruction, while my motion for new trial was pending. All the agents, the agents were cross-examined by his lawyer. They were, and they still maintained the posture that this form 4789 was a form that they were knowledgeable of, that they knew about and that it existed. And it was the form that was used. And in fact, it's completely erroneous, erroneous and incorrect. All right. I think we have your argument, Mr. Stavro. Sir, we have your argument. Yes, sir. Thank you, sir.